UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CR. 09-50029-02 |
| --- | --- | --- |
| Plaintiff, | ) ) ) | ORDER DENYING DEFENDANT'S MOTION FOR SEVERANCE |
| vs. | ) ) | |
| JOSEPH BRADLEY, | ) ) | |
| Defendant. | ) | |

## INTRODUCTION

Defendant Joseph Bradley moved this court to sever the trial of his charges from that of his co-defendant. See Docket No. 63. The government resists the motion. This motion was referred for decision to this magistrate judge by the Chief District Court Judge, the Honorable Karen E. Schreier pursuant to 28 U.S.C. § 636(b)(1)(A).

## FACTS

Mr. Bradley is charged in the indictment filed with the court on May 19, 2009, with the crimes of conspiracy to distribute cocaine (Count I), and distribution of cocaine (Count VI). See Docket No. 1. The cocaine conspiracy count is alleged to have been joined in by Mr. Bradley and his co-defendant, Ben Stockman, as well as other unnamed co-conspirators. The conspiracy is alleged to have taken place in the District of South Dakota and elsewhere.

The time frames alleged in the indictment are from October, 2005, through May 19, 2009, the date of the indictment, for the conspiracy count. The distribution count is alleged to have taken place in August, 2008, in Rapid City, South Dakota.

Mr. Bradley filed his motion for severance, seeking a separate trial from Ben Stockman. See Docket No. 63. The government filed a written response in resistance to Mr. Stockman's motion. See Docket No. 72.

**DISCUSSION**

Mr. Bradley argues that joinder of his case with that of Mr. Stockman's is improper under both Rule 8(b) and Rule 14 of the Federal Rules of Criminal Procedure. Each of these arguments is addressed in turn.

**A.    Joinder of These Defendants is Proper Under Rule 8(b)**

Federal Rule of Criminal Procedure 8(b) provides as follows:

> **Joinder of Defendants.** The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

See Fed. R. Crim. P. 8(b). The court has no discretion to deny severance of defendants who are not properly joined under Rule 8(b). See United States v. Bledsoe, 674 F.2d 647, 654 (8th Cir.), cert. denied sub nom, 459 U.S. 1040 (1982). Misjoinder of defendants under Rule 8(b) is inherently prejudicial. Id. (citing United States v. Sanders, 563 F.2d 379, 382 (8th Cir. 1977), cert. denied,

434 U.S. 1020 (1978); Haggard v. United States, 369 F.2d 968, 972-973 (8th Cir. 1966), cert. denied, 386 U.S. 1023 (1967); United States v. Marionneaux, 514 F.2d 1244, 1248 (5th Cir. 1975); 8 Moore's Federal Practice ¶ 8.04(2), at 14 (2d ed. 1981)). The propriety of joinder under Rule 8(b) must appear on the face of the indictment. Bledsoe, 674 F.2d at 655; Sanders, 563 F.2d at 382. The prerequisites for joinder of defendants under Rule 8(b) are to be liberally construed in favor of the defendant. Bledsoe, 674 F.2d at 655.

The court concludes that Mr. Stockman and Mr. Bradley are properly joined under Rule 8(b). Indeed, the propriety of joinder of these defendants under Rule 8(b) seems beyond question. "Rule 8(b) requires that there be some common activity involving all of the defendants which embraces all the charged offenses even though every defendant need not have participated in or be charged with each offense." Bledsoe, 674 F.2d at 656. "In order to be part of the 'same series of acts or transactions,' acts must be part of one overall scheme about which all joined defendants knew and in which they all participated." Id. (citing United States v. McKuin, 434 F.2d 391, 395-396 (8th Cir. 1970), cert. denied, 401 U.S. 911 (1971)). "Although a conspiracy count is not always essential for joinder of counts which do not all include every joined defendant, in the absence of such an allegation, other facts must be alleged which at least suggest the existence of an overall scheme encompassing all the defendants and all the charged offenses." Bledsoe, 674 F.2d at 656-657.

Thus, the court rejects Mr. Bradley's argument that joinder is improper under Rule 8(b). Both Mr. Bradley and Mr. Stockman are alleged to have participated in the same exact drug conspiracy. Both, in separate counts, are alleged to have distributed cocaine in Rapid City, South Dakota, in August, 2008. These allegations are sufficient to satisfy Rule 8(b).

**B.      Severance is Not Warranted Under Rule 14**

Mr. Bradley also argues that his trial should be severed from that of Mr. Stockman's on the basis of Fed. R. Crim. P. 14. Once it is determined that defendants are properly joined under Rule 8(b), "[t]he presumption against severing properly joined cases is strong." United States v. Ruiz, 412 F.3d 871, 886 (8th Cir. 2005). "Under Fed. R. Crim. P. 14(a), the issue of severance is entrusted to the sound discretion of the trial judge." United States v. Hively, 437 F.3d 752, 765 (8th Cir. 2006) (internal quotation omitted).

Even if joinder of two or more defendants is proper under Rule 8(b), the court may sever the defendants' trials under Fed. R. Crim. P. 14 if joinder of the defendants appears to prejudice a defendant or the government. United States v. Davis, 534 F.3d 903, 916 (8th Cir. 2008). The fact that a defendant is alleged to have played a small role in the overall scheme or conspiracy is not dispositive of whether severance should be granted. United States v. Anthony, 565 F.2d 533, 538 (8th Cir. 1977).

4

A defendant who seeks severance under Rule 14 must show "real prejudice." Davis, 534 F.3d at 916. "Real prejudice" consists in showing (1) that the moving defendant's defense "is irreconcilable with that of his co-defendant or (2) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants." Id. at 916-917 (quoting United States v. Mickelson, 378 F.3d 810, 817-818 (8th Cir. 2004)).

"Severance is not required merely because evidence that is admissible only against some defendants may be damaging to others, . . . ." Mickelson, 378 F.3d at 818. "Generally, the risk that a joint trial will prejudice one or more of the defendants 'is best cured by careful and thorough jury instructions.'" Davis, 534 F.3d at 916-917 (quoting Mickelson, 378 F.3d at 818; and citing Zafiro, 506 U.S. at 537).

In United States v. Delpit, seven defendants were tried together on, *inter alia*, drug conspiracy charges, which did not apply as to one defendant, and a murder-for-hire charge that did not apply to two of the defendants. United States v. Delpit, 94 F.3d 1134, 1142-1143 (8th Cir. 1996). The court held that trial of the two defendants who were not involved in the murder-for-hire scheme along with the defendants who were involved in the scheme was not an abuse of discretion. Id. The court observed that, "[i]t doesn't matter that Larry Thomas and Jai Jones had nothing to do with the murder-for-hire plot, or that Delpit was not indicted for the drug conspiracy. . . . when violence is part of the

5

conspiracy's *modus operandi,* 'charges stemming from that violence are properly joined with the conspiracy charges, even if not all members of the conspiracy participated in the violence.'" Id. at 1143.  The Delpit court specifically rejected the argument of one self-described "minor player" defendant that he was prejudiced by the "spillover taint of the murder-for-hire charges" which did not pertain to him.  Id.

In United States v. Jones, 880 F.2d 55 (8th Cir. 1989), the Eighth Circuit decided the propriety of a joint trial of multiple defendants who were all charged with participating in the same drug distribution conspiracy.  Id. at 62.  The court, citing the proposition that co-conspirators should in the usual case be tried together, held that no error had occurred.  Id. at 62-64.  Specifically, the court found that joinder under Rule 8(b) was proper, and that defendants had not successfully shown that any real prejudice occurred due to being tried together.  Id.

Here, Mr. Bradley argues that the evidence against Mr. Stockman will be greater and more damning that the evidence against himself and that some of the charges against Mr. Stockman will involve evidence entirely inapplicable to Bradley.  This is not sufficient to warrant severance, as discussed above.  Anthony, 565 F.2d at 538; Delpit, 94 F.3d at 1142-1143.

Mr. Bradley also argues that his defense in this case will show that he was incarcerated, on parole, being drug tested, or in substance abuse

treatment during the operative dates of the conspiracy. However, Mr. Bradley's defense is in no way "irreconcilable with that of his co-defendant" so as to make it impossible for the jury to credit both defendants' defenses.[1] Davis, 534 F.3d at 916-917. See Hood v. Helling, 141 F.3d 892, 896 (8th Cir. 1997) (mutually antagonistic defenses exist only where, in order to believe the core of one defendant's defense, the jury must necessarily disbelieve the core of the other defendant's defense). Accordingly, Mr. Bradley's defense does not justify severance. Davis, 534 F.3d at 916-17.

Once the court concludes that joinder of defendants is proper under Rule 8(b), a defendant has a "heavy burden" to demonstrate that severance is necessary under Rule 14 because he cannot otherwise obtain a fair trial. United States v. Flores, 362 F.3d 1030, 1039-40 (8th Cir. 2004); United States v. Warfield, 97 F.3d 1014, 1019 (8th Cir. 1996). The movant must demonstrate severe or compelling prejudice. Flores, 362 F.3d at 1039 (citing United States v. Pherigo, 327 F.3d 690, 693 (8th Cir.), cert. denied, 539 U.S. 969 (2003)). The court finds that Mr. Bradley has not carried this "heavy burden." The court accordingly denies Mr. Bradley's motion to sever his trial from that of his co-defendant Ben Stockman.

---

[1]Neither Mr. Bradley in his motion, nor Mr. Stockman in a previous motion seeking the same relief, inform the court what Mr. Stockman's defense at trial will be.

## CONCLUSION

Good cause appearing, it is hereby

ORDERED that Joe Bradley's motion for severance [Docket No. 63] is denied.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law.  The parties have ten (10) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  <u>See</u> Fed. R. Crim. P. 58(g)(2).  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Objections must be timely and specific in order to require review by the district court.

Dated September 1, 2009.

BY THE COURT:

/s/ *Veronica L. Duffy*

VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE