UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CR. 09-50029-02-KES |
|---|---|---|
| Plaintiff, | ) | |
| | ) | ORDER OVERRULING |
| vs. | ) | OBJECTIONS TO MAGISTRATE |
| | ) | JUDGE'S ORDER DENYING |
| JOE BRADLEY, | ) | DEFENDANT'S MOTION FOR |
| | ) | SEVERANCE |
| Defendant. | ) | |

The indictment charges defendant Joe Bradley with the crimes of conspiracy to distribute cocaine (Count I) and distribution of cocaine (Count VI). Also charged in Count I as a co-conspirator is co-defendant Ben Stockman and other unnamed co-conspirators.

Bradley moves to sever his trial from the trial of Stockman. The government opposes the motion. The court referred the motion to Magistrate Judge Veronica Duffy pursuant to 28 U.S.C. § 636(b)(1)(A). Magistrate Judge Duffy denied Bradley's motion for severance. Bradley now seeks reconsideration of that order.

**STANDARD OF REVIEW**

A district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters where it has been shown that the ruling is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). See also Ferguson v. United States, 484 F.3d 1068, 1076 (8th Cir. 2007). The

district court shall review the objected to portions of the order de novo. 28 U.S.C. § 636(b)(1).

**DISCUSSION**

Magistrate Judge Duffy concluded that Bradley and Stockman were properly joined under Federal Rule of Criminal Procedure 8(b) because the indictment alleges that they participated in the same exact drug conspiracy in Count I and that in separate counts, they are alleged to have distributed cocaine in Rapid City, South Dakota, in August of 2008.

Bradley moves this court to reconsider and reverse the magistrate judge's order. Bradley argues that defendants were improperly joined in the same indictment because the counts other than Count I are not part of the same act or transaction and that the places or times where these alleged transactions occurred are different.

"Rule 8(b) requires that there be some common activity involving all of the defendants which embraces all the charged offenses even though every defendant need not have participated in or be charged with each offense." United States v. Bledsoe, 674 F.2d 647, 656 (8th Cir. 1982), cert. denied, 459 U.S. 1040 (1982). Because both Bradley and Stockman are alleged to have engaged in the same drug conspiracy in Count I, Rule 8(b) is satisfied.

Bradley next contends that if joinder of the defendants is proper, he is entitled to relief under Fed. R. Crim. P. 14(a) because such joinder would

2

prejudice him.  He contends that the likelihood of spillover prejudice from Stockman's case is extreme and that it would be difficult for the jury to compartmentalize the evidence against Stockman and not to use it against Bradley in a joint trial.

Even if joinder of the defendants is proper under Fed. R. Crim. P. 14(a), the court may sever the defendants' trials if joinder would appear to prejudice a defendant or the government.  United States v. Davis, 534 F.3d 903, 916 (8th Cir. 2008).  The burden, however, is upon the defendant to show "real prejudice."  Id.  "Real prejudice" is shown if either the moving defendant's defense is irreconcilable with the defense of the co-defendant or the jury would be unable to compartmentalize the evidence as it relates to the separate defendants.  Id. at 916-17.  "Generally, the risk that a joint trial will prejudice one or more of the defendants 'is best cured by careful and thorough jury instructions.' " Id.

Here, the jury will be instructed on what the government needs to prove in relation to each offense and each defendant charged.  And the jury will be instructed to consider each defendant separately.  Other than general conclusory objections, Bradley has not made a sufficient showing that the jury would be unable to follow these instructions.  Furthermore, the fact that the government's evidence against Stockman is more extensive and more damaging than the evidence it has against Bradley is not sufficient justification for

3

severance.  See United States v. Mickelson, 378 F.3d 810, 818 (8th Cir. 2004) ("Severance is not required merely because evidence that is admissible only against some defendants may be damaging to others, . . . ").

Accordingly, after a de novo review of Magistrate Judge Duffy's order, this court finds that Bradley has not shown that the order denying severance is clearly erroneous or contrary to law.

Based on the foregoing discussion, it is hereby

ORDERED that defendant's motion to reconsider the magistrate judge's order denying defendant's motion to sever the trial of his charges from that of his co-defendant (Docket 89) is denied.

Dated September 17, 2009.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE