UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CR. 09-50029-02-KES |
|---|---|---|
| Plaintiff, | ) | |
| | ) | ORDER DENYING |
| vs. | ) | DEFENDANT'S MOTIONS FOR |
| | ) | SEVERANCE |
| JOSEPH BRADLEY, | ) | |
| Defendant. | ) | |

**INTRODUCTION**

Defendant Joseph Bradley has moved to sever the trial of his charges from that of his co-defendant, Lindsey Potratz. See Docket No. 178. Mr. Bradley also seeks a separate trial on the money laundering charge which he faces from the trial on his drug conspiracy and drug distribution charges. See Docket No. 181. The government resists the motions. These motions were referred for decision to this magistrate judge by the Chief District Court Judge, the Honorable Karen E. Schreier pursuant to 28 U.S.C. § 636(b)(1)(A).

**FACTS**

Mr. Bradley was initially charged in an indictment filed with the court on May 19, 2009, with the crimes of conspiracy to distribute cocaine (Count I), and distribution of cocaine (Count VI). See Docket No. 1. The cocaine conspiracy count was alleged to have been joined in by Mr. Bradley and his co-

defendant, Ben Stockman, as well as other unnamed co-conspirators. The conspiracy was alleged to have taken place in the District of South Dakota and elsewhere. The time frames alleged in the indictment are from October, 2005, through May 19, 2009, the date of the indictment, for the conspiracy count. The distribution count is alleged to have taken place in August, 2008, in Rapid City, South Dakota.

On September 22, 2009, a superseding indictment was filed. That new charging document added a third co-defendant, Lindsey Potratz, also known as Nate Tchida. See Docket No. 100. The three defendants were charged jointly in Count I with conspiracy to distribute cocaine in the District of South Dakota beginning in October, 2005, and continuing up to the date of the indictment. Count IV against Mr. Bradley remained the same, asserting that he distributed cocaine in Rapid City, South Dakota in August, 2008.

On November 18, 2009, a second superseding indictment was filed against the same three co-defendants. See Docket 135. Counts I and IV against Mr. Bradley remained the same as in the September indictment. However, Count VII in the second superseding indictment asserted a new charge of money laundering against Mr. Bradley and Mr. Potratz in violation of 18 U.S.C. § 1956(a)(1)(A)(i), and (B)(I), and (2). Count VII alleged that the two defendants knowingly conducted a financial transaction affecting interstate commerce by transferring $87.85 via MoneyGram from Joseph Bradley to

Lindsey Potratz, and that those funds involved the proceeds of illegal drug trafficking. The second superseding indictment alleges that the defendants effectuated the transaction with the intent of promoting or carrying on the drug conspiracy as charged in Count I of the indictment and that both defendants knew that the property involved in the transaction represented the proceeds of an unlawful activity.

Previously, before the September superseding indictment was filed, Mr. Bradley filed a motion seeking a separate trial from Ben Stockman. See Docket No. 63. This court denied that motion [Docket No. 80], and the district court adopted that decision. See Docket No. 99.

Mr. Bradley now seeks a separate trial from his new co-defendant, Lindsey Potratz. See Docket No. 178. He also seeks to separate the trials on the drug charges from the money laundering charge. See Docket 181. The government resists both motions. As more fully discussed below, the court denies both motions.

## DISCUSSION

**A.     Severance of Mr. Bradley's Trial from that of Mr. Potratz's**

Mr. Bradley argues that joinder of his case with that of Mr. Potratz's is improper under both Rule 8(b) and Rule 14(a) of the Federal Rules of Criminal Procedure. Each of these arguments is addressed in turn.

### 1. Joinder of These Defendants is Proper Under Rule 8(b)

Federal Rule of Criminal Procedure 8(b) provides as follows:

**Joinder of Defendants.** The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

See Fed. R. Crim. P. 8(b). The court has no discretion to deny severance of defendants who are not properly joined under Rule 8(b). See United States v. Bledsoe, 674 F.2d 647, 654 (8th Cir.), cert. denied sub nom, 459 U.S. 1040 (1982). Misjoinder of defendants under Rule 8(b) is inherently prejudicial. Id. (citing United States v. Sanders, 563 F.2d 379, 382 (8th Cir. 1977), cert. denied, 434 U.S. 1020 (1978); Haggard v. United States, 369 F.2d 968, 972-973 (8th Cir. 1966), cert. denied, 386 U.S. 1023 (1967); United States v. Marionneaux, 514 F.2d 1244, 1248 (5th Cir. 1975); 8 Moore's Federal Practice ¶ 8.04(2), at 14 (2d ed. 1981)). The propriety of joinder under Rule 8(b) must appear on the face of the indictment. Bledsoe, 674 F.2d at 655; Sanders, 563 F.2d at 382. The prerequisites for joinder of defendants under Rule 8(b) are to be liberally construed in favor of the defendant. Bledsoe, 674 F.2d at 655.

The court concludes that Mr. Potratz and Mr. Bradley are properly joined under Rule 8(b). Indeed, the propriety of joinder of these defendants under Rule 8(b) seems beyond question. "Rule 8(b) requires that there be some common activity involving all of the defendants which embraces all the charged

4

offenses even though every defendant need not have participated in or be charged with each offense." <u>Bledsoe</u>, 674 F.2d at 656. "In order to be part of the 'same series of acts or transactions,' acts must be part of one overall scheme about which all joined defendants knew and in which they all participated." <u>Id.</u> (citing <u>United States v. McKuin</u>, 434 F.2d 391, 395-396 (8th Cir. 1970), <u>cert. denied</u>, 401 U.S. 911 (1971)). "Although a conspiracy count is not always essential for joinder of counts which do not all include every joined defendant, in the absence of such an allegation, other facts must be alleged which at least suggest the existence of an overall scheme encompassing all the defendants and all the charged offenses." <u>Bledsoe</u>, 674 F.2d at 656-657.

Thus, the court rejects Mr. Bradley's argument that joinder is improper under Rule 8(b). Both Mr. Bradley and Mr. Potratz are alleged to have participated in the same exact drug conspiracy and the same transaction constituting money laundering involving the exchange of the same money order. Both, in separate counts, are alleged to have distributed cocaine in Rapid City, South Dakota, Mr. Bradley in August, 2008, and Mr. Potratz in September, 2008. As the district court found in ruling on Mr. Bradley's motion to separate himself from Mr. Stockman, these allegations are sufficient to satisfy Rule 8(b). <u>See</u> Docket 99, at page 2.

### 2. Severance is Not Warranted Under Rule 14(a)

Mr. Bradley also argues that his trial should be severed from that of Mr. Potratz's on the basis of Fed. R. Crim. P. 14(a). Once it is determined that defendants are properly joined under Rule 8(b), "[t]he presumption against severing properly joined cases is strong." United States v. Ruiz, 412 F.3d 871, 886 (8th Cir. 2005). "Under Fed. R. Crim. P. 14(a), the issue of severance is entrusted to the sound discretion of the trial judge." United States v. Hively, 437 F.3d 752, 765 (8th Cir. 2006) (internal quotation omitted).

Even if joinder of two or more defendants is proper under Rule 8(b), the court may sever the defendants' trials under Fed. R. Crim. P. 14(a) if joinder of the defendants appears to prejudice a defendant or the government. United States v. Davis, 534 F.3d 903, 916 (8th Cir. 2008). The fact that a defendant is alleged to have played a small role in the overall scheme or conspiracy is not dispositive of whether severance should be granted. United States v. Anthony, 565 F.2d 533, 538 (8th Cir. 1977).

A defendant who seeks severance under Rule 14 must show "real prejudice." Davis, 534 F.3d at 916. "Real prejudice" consists in showing (1) that the moving defendant's defense "is irreconcilable with that of his co-defendant or (2) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants." Id. at 916-917 (quoting United States v. Mickelson, 378 F.3d 810, 817-818 (8th Cir. 2004)).

"Severance is not required merely because evidence that is admissible only against some defendants may be damaging to others, . . . ." Mickelson, 378 F.3d at 818. "Generally, the risk that a joint trial will prejudice one or more of the defendants 'is best cured by careful and thorough jury instructions.' " Davis, 534 F.3d at 916-917 (quoting Mickelson, 378 F.3d at 818; and citing Zafiro, 506 U.S. at 537).

In United States v. Delpit, seven defendants were tried together on, *inter alia*, drug conspiracy charges, which did not apply as to one defendant, and a murder-for-hire charge that did not apply to two of the defendants. United States v. Delpit, 94 F.3d 1134, 1142-1143 (8th Cir. 1996). The court held that trial of the two defendants who were not involved in the murder-for-hire scheme along with the defendants who were involved in the scheme was not an abuse of discretion. Id. The court observed that, "[i]t doesn't matter that Larry Thomas and Jai Jones had nothing to do with the murder-for-hire plot, or that Delpit was not indicted for the drug conspiracy. . . . when violence is part of the conspiracy's *modus operandi*, 'charges stemming from that violence are properly joined with the conspiracy charges, even if not all members of the conspiracy participated in the violence.'" Id. at 1143. The Delpit court specifically rejected the argument of one self-described "minor player" defendant that he was prejudiced by the "spillover taint of the murder-for-hire charges" which did not pertain to him. Id.

In United States v. Jones, 880 F.2d 55 (8th Cir. 1989), the Eighth Circuit decided the propriety of a joint trial of multiple defendants who were all charged with participating in the same drug distribution conspiracy. Id. at 62. The court, citing the proposition that co-conspirators should in the usual case be tried together, held that no error had occurred. Id. at 62-64. Specifically, the court found that joinder under Rule 8(b) was proper, and that defendants had not successfully shown that any real prejudice occurred due to being tried together. Id.

Here, Mr. Bradley argues that the evidence against Mr. Potratz will be greater and more damning than the evidence against himself and that some of the charges against Mr. Potratz will involve evidence entirely inapplicable to Bradley. In particular, Mr. Bradley states that he has never been linked to the government's confidential informant, but that Mr. Potratz has been so linked. Mr. Bradley argues that the jury will not be able to compartmentalize the evidence and that it will convict him based on the overwhelming evidence against Mr. Potratz. This is not sufficient to warrant severance, as discussed above. Anthony, 565 F.2d at 538; Delpit, 94 F.3d at 1142-1143.

Significantly, the allegations as to both Mr. Bradley's and Mr. Potratz's participation in the money laundering charge involves nearly identical evidence: the exchange from Bradley to Potratz of a single money order. And while the evidence on the drug conspiracy charges may be more varied as to

8

these two defendants, despite alleging that it is so, Mr. Bradley has given the court no reason to believe that a properly instructed jury will be unable to consider the evidence against each defendant separately.

Once the court concludes that joinder of defendants is proper under Rule 8(b), a defendant has a "heavy burden" to demonstrate that severance is necessary under Rule 14 because he cannot otherwise obtain a fair trial. United States v. Flores, 362 F.3d 1030, 1039-40 (8th Cir. 2004); United States v. Warfield, 97 F.3d 1014, 1019 (8th Cir. 1996). The movant must demonstrate severe or compelling prejudice. Flores, 362 F.3d at 1039 (citing United States v. Pherigo, 327 F.3d 690, 693 (8th Cir.), cert. denied, 539 U.S. 969 (2003)). The court finds that Mr. Bradley has not carried this "heavy burden." The court accordingly denies Mr. Bradley's motion to sever his trial from that of his co-defendant Lindsey Potratz.

**B.     Severance of Drug Charges from Money Laundering Charge**

    **1.     Joinder of the Charges is Proper Under Rule 8(a)**

Mr. Bradley also seeks a severance of the trial of Counts I and IV, the drug conspiracy and drug distribution charges, from the trial of Count VII, the money laundering charge. While Fed. R. Crim. P. 8(b) applies to determine the propriety of joinder of defendants, Rule 8(a) applies to determine the propriety of the joint trial of several charges. Rule 8(a) provides "[t]he indictment or information may charge a defendant in separate counts with 2 or more offenses

if the offenses charged–whether felonies or misdemeanors or both–are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." United States v. Taken Alive, 513 F.3d 899, 902 (8th Cir. 2008) (quoting Fed. R. Crim. P. 8(a)). Rule 8(a) "is broadly construed in favor of joinder to promote the efficient administration of justice." Id. at 902-903 (citing United States v. Little Dog, 398 F.3d 1032, 1037 (8th Cir. 2005); United States v. Rock, 282 F.3d 548, 552 (8th Cir. 2002)). " ' "Where evidence that a defendant had committed one crime would be probative and thus admissible at the defendant's separate trial for another crime, the defendant does not suffer any additional prejudice if the two crimes are tried together." Taken Alive, 513 F.3d at 903 (quoting United States v. Rodgers, 732 F.2d 625, 630 (8th Cir. 1984) (quoting United States v. Dennis, 625 F.2d 782, 802 (8th Cir. 1980)).

In the Taken Alive case, the defendant was accused of committing one assault on February 9, and a second assault that resulted in the death of the victim on March 9. Id. at 901-902. Both assaults occurred after the defendant and the victims had been drinking alcohol heavily. Id. Both assaults were carried out in similar fashion. Id. On appeal, the Eighth Circuit affirmed the district court's decision to try Taken Alive on both assaults in the same trial. Id. at 902-904. Relying on Fed. R. Evid. 404(b), the court reasoned that "the evidence of one assault would be admissible in the separate trial of the other

10

assault if admitted to prove something other than character." Id. at 903. Thus, even in separate trials, each jury would inevitably know about the other assault. Id. Under such circumstances, there was no prejudice in trying the two charges together. Id.

Here, the court likewise reaches the same conclusion. Count VII is a predicate act for the conspiracy charged in Count I. Thus, a trial of Count I would almost certainly involve introduction of the evidence as to Count VII. Furthermore, a separate trial of Count VII would necessarily require proof that the financial exchange was made for the purpose of furthering the drug conspiracy and that both Potratz and Bradley knew that the transaction was in furtherance of the conspiracy. Thus, a separate trial of Count VII would still involve evidence of the drug conspiracy charged in Count I. Thus, the court concludes that all three charges should be tried together.

    **2.    Severance of the Charges is Not Warranted Under Rule 14(a)**

In addition to arguing that joinder of Counts I and IV with Count VII is not proper under Rule 8(a), Mr. Bradley also urges the court to grant severance under Fed. R. Crim. P. 14(a). Rule 14(a) grants a court discretion to separate the trials on charges contained in the same indictment if a joint trial of the charges would prejudice the defendant. See Fed. R. Crim. P. 14(a). Although the Eighth Circuit has noted the possibility that a jury may cumulate evidence to find guilt on all crimes charged, whereas in a separate trial of each charge, it

11

may not find guilt on any, the court held that the "general efficiency of joinder" under Rule 8(a) dictated that severance not be granted unless the prejudice caused by a joint trial is "severe or compelling." See United States v. Kirk, 528 F.3d 1102, 1108 (8th Cir. 2008) (quoting Taken Alive, 513 F.3d at 903; United States v. Ruiz, 412 F.3d 871, 886 (8th Cir. 2005); United States v. Pherigo, 327 F.3d 690, 693 (8th Cir. 2003)).

As with the analysis under Rule 8(a), if evidence of one charge would be admissible in the trial of a separate charge, there is no prejudice in joint trials of the two charges under Rule 14(a). Kirk, 528 F.3d at 1108. As already discussed above, evidence of the money laundering transaction involving Mr. Bradley would be admissible in the trial of the drug conspiracy charge he faces, and evidence of the drug conspiracy would necessarily have to be admissible in the trial of the money laundering charge. Therefore, Mr. Bradley cannot prove prejudice, let alone severe or compelling prejudice from having a joint trial of the charges.

In particular, Mr. Bradley asserts that if Count VII is tried separately, he would testify that he was gainfully employed at the time of the money order transfer, that the money used to purchase the money order came from his lawful employment earnings, and that he had no knowledge of Potratz's intention to use the money order funds for any illegal purpose. What Mr. Bradley does *not* explain is why he would be prevented from presenting

12

such testimony if all the charges against him are tried together.  He states that he has "limited ability" to testify regarding the drug charges.  A lack of knowledge (if that is what Mr. Bradley is suggesting), regarding the drug charges would not prevent him from presenting his lawful-employment testimony.  If cross-examination strayed into the substance of the drug charges, he could testify that he had no knowledge.  The court concludes that Mr. Bradley has not carried his burden of proving that a joint trial of the charges against him will result in severe or compelling prejudice.  Accordingly, the court denies Mr. Bradley's motion to sever these charges.

## CONCLUSION

Good cause appearing, it is hereby

ORDERED that Joseph Bradley's motions for severance [Docket Nos. 178 and 181] are denied.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law.  The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  See Fed. R. Crim. P. 58(g)(2).  Failure to file timely objections will result in the waiver of the right to appeal

questions of fact. Objections must be timely and specific in order to require review by the district court.

Dated January 22, 2010.

BY THE COURT:

/s/ *Veronica L. Duffy*
VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE