UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 09-50029-02-KES |
| | ) | |
| Plaintiff, | ) | ORDER OVERRULING |
| | ) | DEFENDANT'S OBJECTIONS TO |
| vs. | ) | MAGISTRATE JUDGE'S ORDER |
| | ) | DENYING DEFENDANT'S |
| JOE BRADLEY, | ) | MOTION FOR BILL OF |
| | ) | PARTICULARS |
| Defendant. | ) | |

The second superseding indictment charges defendant Joe Bradley

(Bradley) with one count of conspiracy to distribute a controlled substance

(Count I), one count of distribution of a controlled substance (Count IV), and

one count of money laundering (Count VII). Docket 135. Bradley moves for a

bill of particulars with respect to Count VII.[1] Docket 161. The government

resists the motion. Docket 167. The court referred the motion to Magistrate

---

[1] Count VII alleges: "On or about June 14, 2007, in the District of South Dakota, the defendants, Lindsey Potratz, a/k/a Nate Tchida, and Joseph Bradley, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce and did aid, abet, counsel, command and induce the same, to wit: the transfer of $87.85 via MoneyGram from Joseph Bradley to Lindsey Potratz, which involved the proceeds of a specified unlawful activity, that is drug trafficking, with the intent to promote the carrying on of specified unlawful activity, to wit: Conspiracy to Distribute Cocaine as charged in Count I of this Indictment and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, all in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and 2." Docket 135.

Judge Veronica Duffy pursuant to 28 U.S.C. § 636(b)(1)(A).  Docket 164.  On

January 11, 2010, Magistrate Judge Duffy denied Bradley's motion.  Docket

168.  Bradley now objects to Magistrate Judge Duffy's order and requests de

novo review of the issues raised in his motion.  Docket 199.  The court

overrules Bradley's objections.

## STANDARD OF REVIEW

A district court may reconsider a magistrate judge's ruling on

nondispositive pretrial matters where it has been shown that the ruling is

clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A).  See also

Ferguson v. United States, 484 F.3d 1068, 1076 (8th Cir. 2007).  The district

court shall review the objected to portions of the order de novo.  28 U.S.C.

§ 636(b)(1).

## DISCUSSION

"A bill of particulars serves to inform the defendant of the nature of the

charge against him with sufficient precision to enable him to prepare for trial,

to avoid or minimize the danger of surprise at trial, and to enable him to

plead his acquittal or conviction in bar of another prosecution for the same

offense when the indictment is too vague or indefinite."  United States v.

Hernandez, 299 F.3d 984, 989-90 (8th Cir. 2002).  A district court has broad

discretion in granting or denying a motion for a bill of particulars.  United

States v. Sileven, 985 F.2d 962, 966 (8th Cir. 1993).  A bill of particulars,

however, is not a tool for discovery and is not to be used to provide detailed disclosure of the government's evidence. <u>United States v. Wessels</u>, 12 F.3d 746, 750 (8th Cir. 1993). A motion for a bill of particulars should not be granted if the desired information has been provided through pretrial discovery or in some other acceptable manner. 1 Charles Alan Wright & Andrew D. Leipold, <u>Federal Practice and Procedure: Criminal</u>, § 130 at 663-64 (4th ed. 2008).

Magistrate Judge Duffy found that the discovery in this case, coupled with the information in the second superseding indictment, provided Bradley with sufficient information to enable him to prepare his case for trial, to prevent double jeopardy in the event he is charged in the future with the same offense, and to avoid prejudicial surprise at trial, so that Bradley was not entitled to a bill of particulars. Bradley argues that Magistrate Judge Duffy's order was clearly erroneous or contrary to law because the discovery he has received from the government fails to address the issues of whether the money used by Bradley to purchase a MoneyGram involved proceeds from drug trafficking, whether Bradley had any knowledge that the proceeds were from any such activity, and whether Bradley took any action designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of unlawful distribution of illegal drugs.

Magistrate Judge Duffy addressed these arguments in denying Bradley's motion. As Magistrate Judge Duffy noted, Bradley has received discovery indicating that he sent a wire transfer in the sum of $87.85 to his co-defendant Lindsey Potratz (Potratz) on June 14, 2007. And the second superseding indictment alleges that the money transfer involved the proceeds of drug trafficking and was done with the intent to promote the carrying on of the conspiracy to distribute cocaine charged in Count I of the second superseding indictment. Count I of the second superseding indictment alleges that beginning no later than October 2005 and continuing through the date of the second superseding indictment, in Rapid City, South Dakota, Bradley, Potratz, and others were engaged in a conspiracy to distribute and possess with the intent to distribute 500 grams or more of cocaine. The discovery already provided to Bradley and the facts alleged in the second superseding indictment are sufficient to enable Bradley to prepare for trial, to avoid the danger of surprise at trial, and to avoid double jeopardy. Bradley's argument that the discovery provided by the government is insufficient to prove the elements of the money laundering crime charged against him and that his testimony at trial will show that he was not engaged in drug activity in June 2007 does not entitle him to a bill of particulars. This argument goes to the sufficiency and detail of the government's evidence, rather than to Bradley's knowledge of the nature of the charge against him. See United

States v. Nelson, 165 F.3d 1180, 1182 (8th Cir. 1999) ("[A]n indictment is not open to challenge on the ground that there was inadequate or insufficient evidence before the grand jury."); see also United States v. Matlock, 675 F.2d 981, 986 (8th Cir. 1982) ("Acquisition of evidentiary detail is not the function of the bill of particulars."). Thus, the court cannot say that Magistrate Judge Duffy's ruling was clearly erroneous or contrary to law.

Bradley also raises a new argument not raised before Magistrate Judge Duffy, namely, that Potratz has entered into a plea agreement with the government in this matter, giving the government access to much of the information Bradley seeks in his bill of particulars. Bradley argues that allowing the government to sit on evidence that is solely within its knowledge and control prevents Bradley from being able to investigate the facts and evidence to prepare an adequate defense to Count VII of the second superseding indictment. But as noted, the discovery already disclosed to Bradley, along with the facts alleged in the second superseding indictment, are sufficient to inform Bradley of the nature of the charge against him so that he can prepare his defense for trial. The fact that the government may have additional evidence that it has not disclosed to Bradley does not mean that Bradley is entitled to a bill of particulars. It is well established that the purpose of a bill of particulars is not to provide the defendant with details of the government's evidence. Matlock, 675 F.2d at 986. Moreover, the court

has granted Bradley's motion to disclose Potratz's plea agreement and all documents related to it, and has indicated that it will consider whether to disclose Potratz's presentence investigation report after that report is finished and disclosed to the court. Docket 235. Because Bradley will receive at least some evidence arising out of Potratz's plea agreement with the government without an order for a bill of particulars, Bradley is not entitled to a bill of particulars on this ground.

Based on the foregoing, after a de novo review of Magistrate Judge Duffy's order, this court finds that Bradley has not shown that the order denying his motion for a bill of particulars is clearly erroneous or contrary to law. Accordingly, it is hereby

ORDERED that Bradley's objections to Magistrate Judge Duffy's order denying Bradley's motion for a bill of particulars (Docket 199) are overruled.

Dated March 31, 2010.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE