UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOE BRADLEY,<br><br>Defendant. | 5:09-CR-50029-02-KES<br><br>ORDER DENYING MOTION FOR RELIEF UNDER THE FIRST STEP ACT |

Defendant, Joe Bradley, moves for compassionate relief under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 403. Plaintiff, the United States of America, opposes the motion. Docket 404. For the following reasons, the court denies defendant's motion for compassionate relief.

## BACKGROUND

Bradley was found guilty after a jury trial of one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846 and one count of distribution of a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Docket 300. The court sentenced Bradley to 60 months in custody on each count with said sentences running concurrent to each other, with 10 months to run concurrently to an undischarged state court sentence, and 50 months to run consecutively to that state sentence. *Id.* at 2. Bradley's anticipated release date is April 24, 2021. Docket 404 at 2.

Bradley is currently incarcerated in a medium-security facility, Oxford Federal Correctional Institution (Oxford FCI), which is located in Oxford,

Wisconsin. *Id.* There are no confirmed COVID-19 cases at Oxford FCI. *Id.*; *see also* Federal Bureau of Prison, https://www.bop.gov/coronavirus/ (last accessed on June 4, 2020) (Oxford FCI is not listed as a facility with any recorded COVID-19 cases).

Bradley is 39 years old. Docket 404-2 at 1. He claims to have "heart problems that run in [his] family" and that his mother had asthma and passed away from COPD. Docket 403 at 1.

Bradley made a request to a staff member at Oxford FCI requesting an early release because of COVID-19. *See id.* The warden denied Bradley's request by letter dated April 17, 2020. Docket 404-1. On April 20, 2020, Bradley filed a pro se motion with the court for relief under the First Step Act. Docket 403.

## DISCUSSION

Because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). In 2018, Congress passed the First Step Act. Pub. L. No. 115-391, 132 Stat. 5194 (2018). In pertinent part, the FSA amends 18 U.S.C. § 3582(c)(1)(A) to permit inmates in specified circumstances to file motions in the court where they were convicted seeking compassionate release. Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave prison early. 18 U.S.C. § 3582(c)(1)(A)(i). Such a sentence must comply with the 18 U.S.C. § 3553(a) sentencing factors and "applicable policy statements issued by the Sentencing

Commission[.]" 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's policy statement, which was adopted before the FSA, requires both "extraordinary and compelling reasons" and that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1B1.13. The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

Bradley argues that the "current pandemic, COVID 19, [ ] has put me at great risk being in such close quarters, I cannot safely keep 6 feet[.]" Docket 403 at 1. Bradley request that his sentence be amended to reflect that 24 months of the sentence ran concurrently with his state sentence, instead of the 10 months as imposed. *Id.* at 2. This would make him eligible for home confinement immediately. *Id.*

Section 3582(c)(1)(A)(i) provides that the sentencing court may grant compassionate release based on "extraordinary and compelling reasons[.]" Congress did not define what constitutes "extraordinary and compelling." *See* 28 U.S.C. § 994(t). Rather, the Sentencing Commission was directed to promulgate "the criteria to be applied and a list of specific" extraordinary and compelling examples. *Id.* Prior to Congress passing the FSA, the Sentencing Commission limited "extraordinary and compelling reasons" to four scenarios. U.S.S.G. § 1B1.13 cmt. n.1(A)-(C). The four scenarios pertain to a defendant's (1) terminal illness, (2) debilitating physical or mental health condition, (3) advanced age and deteriorating health in combination with the amount of

3

time served, and (4) compelling family circumstances. *Id.* Additionally, there is a fifth catch-all category for "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)" as determined by the Director of the Bureau of Prisons. U.S.S.G. § 1B1.13 cmt. n.1(D).

After the FSA was passed, the Sentencing Commission did not update its policy statement because the Sentencing Commission has not had a quorum. As a result, district courts are left to determine whether the policy statement of the Sentencing Commission that was in existence when the FSA was passed still applies. *See United States v. Rodd*, 2019 WL 5623973, at *3 (D. Minn. Oct. 31, 2019); *United States v. Brown*, 2019 WL 4942051, at *2 (S.D. Iowa Oct. 8, 2019). It is clear that Congress wishes to "[i]ncreas[e] the [u]se . . . of [c]ompassionate [r]elease" by allowing district courts to grant petitions "consistent with applicable policy statements" from the Sentencing Commission. *See* 132 Stat. at 5239; 18 U.S.C. § 3582(c)(1)(A). But the Commission has not addressed whether the policy statement from the old regime is applicable to the new statute nor has it adopted a new policy statement. Because the First Step Act changed the way a compassionate release motion may be brought, "several district courts have concluded that the discretion vested in the BOP Director under the catch-all provision now belongs coextensively to federal judges." *United States v. Condon*, 2020 WL 2115807, at *3 (D.N.D. May 4, 2020) (citing *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019); *United States v. Beck*, 425 F. Supp. 3d 573, 579

(M.D.N.C. 2019); *United States v. Cantu*, 423 F. Supp. 3d 345, 352 (S.D. Tex. 2019)); *see also United States v. Rivernider*, 2020 WL 597393, at *3 (D. Conn. Feb. 7, 2020).

Bradley contends that his circumstances warrant compassionate relief. COVID-19 appears to pose a particular risk for individuals with certain existing health conditions. These include a compromised immune system, chronic lung disease, diabetes, kidney disease, heart disease, and asthma. *Groups at Higher Risk for Severe Illness*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last updated May 14, 2020).

The court has reviewed the medical records submitted in this case. Docket 404-2. Bradley does not appear to have any of the medical conditions that put him at a higher risk if he contracts COVID-19.

Additionally, Bradley's motion has not shown that the BOP's response to the pandemic at Oxford FCI has been inadequate in any way. *See United States v. Korn*, 2020 WL 1808213, at *6 (W.D.N.Y. Apr. 9, 2020) ("[T]he mere possibility of contracting a communicable disease such as COVID-19, without any showing that the Bureau of Prisons will not or cannot guard against or treat such a disease, does not constitute an extraordinary or compelling reason for a sentence reduction under the statutory scheme."). Oxford FCI "is taking extraordinary measures to contain the spread of COVID-19" and suspended all visitations until further notice. *See* Docket 404-1. And Oxford FCI has yet to report a confirmed case of COVID-19. Thus, the court finds that Bradley's

circumstances do not clear the high bar necessary to warrant a sentence reduction under USSG § 1B1.13 comment note 1(D). *See Condon*, 2020 WL 2115807, at \*4 (denying motion for compassionate release because, though defendant suffered from significant health problems, defendant did not "demonstrate that her susceptibility to COVID-19 while incarcerated presents an extraordinary and compelling reason for a sentence reduction" and noting that there were no positive COVID-19 cases at defendant's facility).

## CONCLUSION

Bradley has failed to satisfy the extraordinary and compelling reason standard. Thus, it is

ORDERED that defendant's motion for relief under the First Step Act (Docket 403) is denied.

Dated June 5, 2020.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE